IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY, et al. | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| NET CONSTRUCTION, INC. | : | NO. 02-4639 |
| Defendant | : | |
| and | : | |
| CITY OF PHILADELPHIA | : | |
| Garnishee | : | |

**PRAECIPE FOR WRIT OF EXECUTION**

**TO THE CLERK:**

**ISSUE WRIT OF EXECUTION** in the above matter, directed to the United States Marshal for the Eastern District of Pennsylvania and against NET Construction, Inc., 1130 Church Road, Wyncote, PA 19095 and City of Philadelphia, c/o Law Department, One Parkway, 1515 Arch Street, 15th Floor, Philadelphia, PA 19102-1595, as garnishee, and index this writ against* _____ as a *lis pendens* against real property of the judgment debtor in the name of the garnishee as follows:

_____
_____

| | | |
|---|---|---|
| **Amount Due** | $ | 15,709.65 |
| **Interest from 9/24/02 to date of collection at 5%** | $ | |
| **(Costs to be added)** | $ | 500.00 |

SUSAN A. MURRAY, ESQUIRE
NEAL GOLDSTEIN, ESQUIRE
FREEDMAN AND LORRY, P.C.
400 Market Street, Suit 900
Philadelphia, PA 19106
(215) 931-2506
Attorneys for Plaintiffs

Date: _____
*Applicable to real estate only (Rule 3104(c) Pa.R.C.P.)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY, et al. | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| NET CONSTRUCTION, INC. | : | NO. 02-4639 |
| Defendant | : | |
| and | : | |
| CITY OF PHILADELPHIA | : | |
| Garnishee | : | |

## WRIT OF EXECUTION

**TO THE UNITED STATES MARSHAL FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

To satisfy judgment, interest and costs against NET Construction, Inc., 1130 Church Road, Wyncote, PA 19095.

(1) You are directed to levy upon the property of the defendant(s) and to sell their interest therein:

**Any and all checking accounts payable by the City of Philadelphia to NET Construction, Inc. from work contracted with the City of Philadelphia.**

(2) You are also directed to attach the property of the defendant(s) not levied upon in the possession of City of Philadelphia, as garnishee:

(a) an attachment has been issued; and
(b) the garnishee is enjoined from paying any debt to or for the account of the defendant(s) and from delivering any property of the defendant(s) or otherwise disposing thereof.

(3) If the property of the defendant(s) not levied upon and subject to the attachment is found in the possession of anyone other than a named garnishee, you are directed to notify them that they have been added as a garnishee and are enjoined as above stated.

| | |
|---|---|
| **Amount Due** | $ 15,709.65 |
| **Interest from 9/24/02 to date of collection at 5%** | $ |
| **(Costs to be added)** | $ 500.00 |

MICHAEL E. KUNZ, CLERK
Clerk of the Court

Date: _____     By: _____
                                      Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY, et al. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| NET CONSTRUCTION, INC. | : | NO.  02-4639 |
| | : | |
| Defendant | : | |
| and | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| | : | |
| Garnishee | : | |

**WRIT OF EXECUTION**
**NOTICE**

This paper is a Writ of Execution.  It has been issued because there is a judgment against you.  It may cause your property to be held or taken to pay the judgment.  You may have legal rights to prevent your property from being taken.  A lawyer can advise you more specifically of these rights.  If you wish to exercise your rights, you must act promptly.

The law provides that certain property cannot be taken.  Such property is said to be exempt.  There is a debtor's exemption of $300.00.  There are other exemptions, which may be applicable to you.  Attached is a summary of some of the major exemptions.  You may have other exemptions or other rights.

If you have an exemption, you should do the following promptly:  (1) Fill out the attached form and demand for a prompt hearing.  (2) Deliver the form or mail it to the United States Marshal's Office at the address noted.

You should come to court ready to explain your exemption.  If you do not come to court and prove your exemption, you may lose some of your property.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

LAWYER REFERENCE SERVICE
One Reading Center, 11th Floor
Philadelphia, PA 19107
(215) 238-1701

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY, et al. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| NET CONSTRUCTION, INC. | : | NO. 02-4639 |
| | : | |
| Defendant | : | |
| and | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| | : | |
| Garnishee | : | |

**CLAIM FOR EXEMPTION**

To the U.S. Marshal:

I, the above-named defendant, claim exemption(s) of property from levy attachment:

(1)  From my personal property in my possession which has been levied upon,

  (a)  I desire that my $300.00 statutory exemption be

    (i)  set aside in kind (specify property to set aside in kind):

    _____

    (ii)  paid in cash following the sale of the property levied upon; or

  (b)  I claim the following exemption (specify property basis of exemption):

    _____

(2)  From my property, which is I the possession of a third party, I claim the following exemption:

  (a)  My $300.00 statutory exemption:   in cash; in kind (specify property)

    _____

    (b)    Social security benefits on deposit in the amount of $_____

    (c)    Other (specify amount and basis of exemption(s): _____

_____

_____

I request a prompt court hearing to determine the exemption. Notice of the hearing should be given to me at:

_____

_____

(Address)                            (Telephone number)

I declare under penalty of perjury that the foregoing statements made in this claim for exemption are true and correct.

Date: _____                _____

                                                                                                   Signature

**THIS CLAIM IS TO BE FILED WITH THE OFFICE OF THE U.S. MARSHAL FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

U.S. MARSHAL
2110 United States Courthouse
601 Market Street
Philadelphia, PA 19107
(215) 597-7272

Note: Under paragraph(s) (1) and (2) of the writ, a description of specific property to be levied upon or attached may be set forth in the writ or included in a separate direction of the United States Marshal.

Under paragraph (2) of the writ, if attachment of a named garnishee is desired, his name should be set forth in the space provided.

Under paragraph (3) of the writ, the United States Marshal may, as under prior practice, add as a garnishee any person not named in this writ who may be found in possession of property of the defendant. See Rule 311(a). For limitations on the power to attach tangible personal property, see Rule 3108(a).

**MAJOR EXEMPTIONS UNDER PENNSYLVANIA AND FEDERAL LAW**

(1)     $300.00 statutory exemption

(2)     Bibles, school books, sewing machines, uniforms and equipment

(3)     Most wages and unemployment compensation

(4)     Social security benefits

(5)     Certain retirement funds and accounts

(6)     Certain veteran and armed forces benefits

(7)     Certain insurance proceeds

(8)     Such other exemptions as may be provided by law

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY, et al. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| NET CONSTRUCTION, INC. | : | NO. 02-4639 |
| | : | |
| Defendant | : | |
| and | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| | : | |
| Garnishee | : | |

**<u>INTERROGATORIES IN ATTACHMENT</u>**

TO:   City of Philadelphia
       c/o Law Department
       1515 Arch Street, 15th Floor
       Philadelphia, PA  19102-1595

You are hereby required to file answers to these Interrogatories within twenty (20) days after service upon you.  Failure to do so may result in Judgment against you.  "Defendant(s)" as used herein refers to NET Construction, Inc.

1.   At the time you were served or at any subsequent time, did you owe the Defendant(s) any money or were you liable to the Defendant(s) on any negotiable or other written instrument, or did the Defendant(s) claim that you owed any money or were liable to the Defendant(s) for any reasons?

2. If the Answer to Interrogatory No. 1 is yes, please state:

   (a) What amount is owed to the Defendant(s) and for what money are you liable to the Defendant(s);

   (b) Describe the type of negotiable or written instrument under which this claim is owed.

3. At the time you were served or any subsequent time, was there in your possession, custody or control, or in the joint possession, custody or control of yourself and one or more persons, any property of any nature owned solely or in part by the Defendant(s)?

4. If the Answer to Interrogatory No. 3 is yes, please state:

   (a) A description of the property which is in your possession, custody or control or in the joint possession, custody or control of yourself and one or more persons;

   (b) The fair market value of that property.

5. At the time you were served or any subsequent time, did you hold legal title to any property of any nature owned solely or in part by the Defendant(s) or in which the Defendant(s) held or claimed any interest(s)?

6. If the Answer to Interrogatory No. 5 is yes, please state:

   (a) A description of the nature of the property;

   (b) The fair market value of the property;

    (c)    The value of the Defendant(s)' claim, interest and/or equity in the property.

7.    At the time you were served or any subsequent time did you hold as fiduciary any property in which the Defendant(s) has or claimed and interest?

8.    If the Answer to Interrogatory No. 7 is yes, please:

    (a)    Describe the property which you held a fiduciary;

    (b)    State the fair market value of the property.

9.    At any time before or after you were served with these Interrogatories, did the Defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and what was the consideration therefore?

10.    If the Answer to Interrogatory No. 9 is yes, please:

    (a)    Specifically describe the property delivered or transferred;

    (b)    State the fair market value of such property.

11.    At any time after you were served with these Interrogatories, did you pay, transfer or deliver any money or property to the Defendant(s) or to any person or place pursuant to the Defendant(s)' direction or otherwise discharge any claim of the Defendant(s) against you?

12. If the Answer to Interrogatory No. 11 is yes, please:

    (a) Describe the property or money paid, transferred or delivered;

    (b) To whom or to what place the property was paid, transferred or delivered;

    (c) The fair market value of the property.

 

SUSAN A. MURRAY, ESQUIRE  
NEAL GOLDSTEIN, ESQUIRE  
FREEDMAN AND LORRY, P.C.  
400 Market Street, Suit 900  
Philadelphia, PA 19106  
(215) 931-2506  
Attorneys for Plaintiffs

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY, et al. | : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | |
| NET CONSTRUCTION, INC. | : : | NO. 02-4639 |
| Defendant | : : | |
| and | : : | |
| CITY OF PHILADELPHIA | : : : | |
| Garnishee | : | |

**MOTION FOR SPECIAL APPOINTMENT TO SERVE PROCESS**

    Pursuant to Rule 4.1(a), Federal Rule of Civil Procedure, and Local Rule 4.1, Plaintiff(s), in the above-captioned civil action hereby move this court to specially appoint Joseph Mohnacs to serve the Writ of Execution upon Defendant and Garnishee in this action, and represent that:
1. Said individual is competent and not less than eighteen (18) years of age.
2. Said individual is not and will not be a party to this action.
3. Granting this motion will affect substantial savings in time and travel fees of the United States Marshal.

 

SUSAN A. MURRAY, ESQUIRE
Attorney for Plaintiffs

Date: _____

**O R D E R**

    **AND NOW**, to wit, this _____ day of _____, 2003, it is hereby **ORDERED** that Joseph Mohnacs be specially appointed to serve the Writ of Execution upon Defendant and Garnishee in this action.

    **IT IS FURTHER ORDERED** that proof of service shall be made by affidavit in accordance with Rule 4(1), Federal Rules of Civil Procedure.

ATTEST:
MICHAEL E. KUNZ
Clerk of the Court

By: _____
    Deputy Clerk

Kristine Giordano Becker, Paralegal
215-931-2561
kgiordano@freedmanlorry.com


November 5, 2003


**VIA HAND DELIVERY**
Clerk
United States District Court
2609 United States Courthouse
601 Market Street
Philadelphia, PA  19106

      RE:    **Teamsters Health and Welfare Fund of Philadelphia and Vicinity, et al.
           v. NET Construction, Inc.
           Civil Action No. 02-4639**

Dear Clerk:


      Enclosed please find an original Writ of Execution, Interrogatories in Attachment and a Motion to Serve Special Process to be filed and docketed of record with the Court in the above-referenced matter, along with a copy.

      Kindly file the original documents, time-stamp the copies and return the latter to me in the enclosed, stamped return envelope.

                                  Very truly yours,


                                  **KRISTINE GIORDANO BECKER**
                                  Paralegal


18731.c
Net Construction
Enclosures
cc: Mr. Frank Duffy