IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY : <br> Plaintiff : <br> vs. : <br> NET CONSTRUCTION, INC. : <br> Defendant : <br> and : <br> CITY OF PHILADELPHIA : <br> Garnishee : <br> : | CIVIL ACTION <br><br> NO: 02-4639 |

**RLI INSURANCE COMPANY'S MOTION TO INTERVENE, OBTAIN STAY OF EXECUTION PROCEEDINGS AND TRANSFER OF CONTRACT BALANCES TO SURETY**

RLI Insurance Company, ("RLI"), by and through its attorneys, Harry R. Blackburn & Associates, P.C., respectfully moves your Honorable Court, to grant RLI permission to Intervene, to Stay the above execution proceedings and to enter an Order directing the City of Philadelphia to transfer the remaining contract balances for the Darien Street Project to the surety, RLI, for the following reasons:

1. The Teamsters Health and Welfare Fund (hereinafter referred to as "The Teamsters") obtained a judgment against Net Construction and is seeking to levy upon amounts held by the City of Philadelphia which are payable to Net Construction. See Writ of Execution and Levy filed by The Teamsters which is attached hereto and marked Exhibit "A."

2. RLI, a surety, issued its principal, Net Construction, Inc., surety bonds for performance and payment on various contracts with the City of Philadelphia including the Darien Street Project, bid no. 2547 (hereinafter referred to as "Darien Street Project.")

3. Net Construction, Inc. failed to perform its contract with the City of Philadelphia and

pay for labor and/or materials on the Darien Street Project.

4. Pursuant to terms of the surety bonds, RLI, discharged the principal's obligation on the Darien Street Project and paid $70,591.92 to subcontractors for labor and/or materials on said project. See RLI's proof of payment which is attached hereto and marked Exhibit "B."

5. RLI has made several claims and demands on the City of Philadelphia that it release the remaining contract balances for the Darien Street Project to RLI since it has discharged the principal's contractual obligations and paid the subcontractors for labor and/or materials for the project. See for example, letters from RLI's Counsel, Paul T. DeVlieger, Esquire to Marissa M. O'Connell, Esquire, Deputy City Solicitor for the City of Philadelphia dated January 16, 2004 and April 27, 2004 which are attached hereto and collectively marked Exhibit "C."

6. The City of Philadelphia admits it is holding the sum of $17,291.35 in retained contract balances for the Darien Street Project and that RLI has made a claim for the contract balances. See the City of Philadelphia's Answers to Interrogatories in Aid of Attachment which are attached hereto and marked Exhibit "D."

7. As shown above, RLI, the surety, in discharging Net Construction Inc.'s contractual obligations on the Darien Street Project, paid substantially more than the retained contract balances being held by the City.

8. The City of Philadelphia is refusing to release the contract balances because it asserts that Net Construction owes taxes to the City of Philadelphia. See City of Philadelphia's Answers to Interrogatories in Aid of Attachment attached hereto which were previously referred to as Exhibit "D." There is no indication that the taxes allegedly owed to the City of Philadelphia relate to or are limited to the Darien Street Project.

9. Under the doctrine of equitable subrogation, RLI is entitled to receive the retained contract balances held by the City of Philadelphia, for the Darien project since it discharged the principal's contractual obligations and paid the subcontractors for labor and/or materials for the project. By discharging its principal's obligations, RLI steps into the shoes of Net Construction, Inc. and is entitled to received the retained contract balances. This right of equitable subrogation is superior to the right of any other creditor and supersedes the right of the City to any right of set off for tax liability of the surety's principal, Net Construction, Inc. See <u>Pearlman v. Reliance Insurance Company</u>, 371 U.S. 132, 83 S.Ct. 232 (1962) and <u>Jacobs v. Northeastern Corporation</u>, 416 Pa 417, 427, 206 A.2d 49, 54 (1965).

10. Pursuant to Federal Rule of Civil Procedure 69, the enforcement, collection and levy of judgments is governed by the practice and procedure of the state court in which the federal district court sits, here Pennsylvania. See <u>F.R.Civ.P</u> 69.

11. The Pennsylvania Rules of Civil Procedure provide that "the Court may on application of any party in interest set aside the writ, service, or levy upon any other legal or equitable ground." See <u>Pa.R.Civ.P.</u> 3121(d), Stay of Execution.

12. Pennsylvania Rule of Civil Procedure 2327 similarly provides that any party shall be permitted to intervene in the following circumstances:

    (a). such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or;

    (b). such person could have been joined as an original party to the action, or could have been joined therein, or;

    (c). the determination of such action may affect any legally enforceable interest of

such person whether or not such person may be bound by a judgment in the action. See also, F.R.Civ.P. 24 (a) which is substantially similar to Pa.R.Civ.P. 2327

13. Intervention is clearly permitted under the Pennsylvania Rules of Civil Procedure pertaining to Intervention and Stays and Enforcement of Judgments because RLI's rights to retained contract balances being held by the City of Philadelphia will certainly be affected by any distribution made under the levy being brought by The Teamsters. See Pa.R.Civ.P 2327, F.R.Civ.P. 24 and Pa.R.Civ.P 3121.

14. To avoid multiplicity of hearings and obtain all requested relief at one time, RLI, requests this Honorable Court to treat the present motion and memorandum of law as the proposed pleading that RLI would file if Intervention was granted. Pa.R.Civ.P. 3121(d) also by its terms allows any interested party to intervene of right and apply for a stay of execution and levy on legal or equitable grounds without filing a proposed pleading.

15. RLI, as surety, is a competing claimant for the funds held by the City of Philadelphia and clearly has an interest in any execution or levy by The Teamsters seeking to collect the retained contract balances being by the City of Philadelphia for work performed by the Surety's principal, Net Construction, Inc.

16. The above cited cases of Pearlman v. Reliance Insurance Company, 371 U.S. 132, 83 S.Ct. 232 (1962) and Jacobs v. Northeastern Corporation, 416 Pa 417, 426-427, 206 A.2d 49, 54 (1965) hold that the surety 's right to contract balances on the Darien Street project are superior to that of any other creditor including, The Teamsters or the City of Philadelphia and that the obligee, under the bonds, The City of Philadelphia, is required to release and turn over the contract balances to the surety, RLI.

17.  Moreover, under <u>Pearlman v. Reliance Insurance Company</u>, 371 U.S. 132, 141-142, 83 S.Ct. 232, 237 (1962), the surety, RLI, is entitled to all of the remaining contract balances for the Darien Street Project since the surety, RLI, paid more than the contract funds being retained by the City of Philadelphia.

18.  The United States Supreme Court in <u>Pearlman</u>, supra held that the case relied upon by the City of Philadelphia, <u>United States v. Munsey Trust</u>, supra, did not change the surety's rights to receive the retained contract balances under the doctrine of equitable subrogation for payments made under its performance or payment bonds. See <u>Pearlman v. Reliance Insurance Company</u>, 371 U.S. 132, 139, 83 S.Ct. 232, 236 (1962).  The remaining case cited by the City of Philadelphia, <u>Pittsburgh National Bank v. United States</u>, 657 F.2d 36, 40 (3rd Cir. 1981) only holds that Pennsylvania Law recognizes that Banks have certain automatic rights of setoff against their depositors which have priority over government tax liens. <u>Pittsburgh</u>, supra, has no application to the present case since there are no banks seeking to set off claims against their depositors.

19.  For all of the above reasons, RLI's request to intervene and stay execution and levy proceedings should be granted and the City of Philadelphia should be Ordered to transfer the contract balances from the Darien Street Project to RLI.

**WHEREFORE,** RLI Insurance Company respectfully requests your Honorable Court to allow RLI to intervene, to stay execution and levy proceedings brought by the Teamsters Health and Welfare Fund for Philadelphia and Vicinity against funds being held by the City of Philadelphia for Net Construction, Inc. and to Order the City of Philadelphia to transfer the remaining contract balances of $17,291.35 for the Darien Street Project to RLI Insurance Company, the surety for Net Construction, Inc..

                                        **HARRY R. BLACKBURN & ASSOCIATES, P.C.**

By:                                              fdw102
                                 **PAUL T. DEVLIEGER, ESQUIRE**
                                 **FRANCINE D. WILENSKY, ESQUIRE**
                                 1528 Walnut Street, Philadelphia, PA 19102
                                 (215) 985-0123
**Dated: May 17, 2004**           Attorneys for Plaintiff, RLI Insurance Company

Q:\RLI Surety.729\Net Constr.001\city of philadelphia\RLI Motion to Intervene, Stay, and Obtain Order to Transfer Contract Balances.wpd