IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY <br> Plaintiff <br> vs. <br> NET CONSTRUCTION, INC. <br> Defendant <br> and <br> CITY OF PHILADELPHIA <br> Garnishee | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO: 02-4639 |

**MEMORANDUM OF LAW IN SUPPORT OF RLI INSURANCE COMPANY'S MOTION TO INTERVENE, OBTAIN STAY OF EXECUTION PROCEEDINGS AND TRANSFER OF CONTRACT BALANCES TO SURETY**

**I. Statement of the Facts**

The Teamsters Health and Welfare Fund, Philadelphia and Vicinity (hereinafter referred to as "The Teamsters") has filed a writ of execution and levy against the City of Philadelphia for money held by the City of Philadelphia which is payable to Net Construction, Inc. RLI Insurance Company (hereinafter referred to as "RLI") has also demanded that the City of Philadelphia pay the remaining contract balances of $ 17, 291.35 to RLI for the Darien Street project since the surety discharged the contractual obligations of its principal, Net Construction, Inc by paying the subcontractors who provided labor and materials to the project. RLI requests permission to intervene, a stay of execution and levy proceedings and an Order directing the City of Philadelphia to transfer the contract balances to RLI.

RLI issued performance and payment bonds to its principal, Net Construction Inc. for various constructions projects with the City of Philadelphia, including the Darien Street Project.

Net Construction, Inc. failed to perform its construction contract with the City of Philadelphia and pay subcontractors who furnished labor and materials to the Darien Street Project. RLI, discharged Net Construction, Inc.'s contractual obligations by paying $70,591.92 to subcontractors who furnished the labor and materials for the project. The City of Philadelphia has acknowledged RLI's claim for the retained contract balances but claims a set off for taxes owed by Net Construction, Inc. to the City of Philadelphia. There is no indication that the taxes allegedly owed to the City relate to or are limited to the Darien Street project.

RLI asserts that under the doctrine of equitable subrogation the surety's rights are superior to any other creditor, including The Teamsters and The City of Philadelphia and any claim by the City of Philadelphia for taxes allegedly owed by Net Construction Inc.

**II. Legal Argument**

    **A. Pa.R.Civ.P. 2327, F.R.Civ.P. 24 and Pa.R.Civ.P. 3121 grant RLI a right to intervene in the Teamsters' Execution and Levy proceedings because RLI has an interest that would be adversely affected by any distribution of the contract balances being held by the City of Philadelphia to the Teamsters.**

Pursuant to Federal Rule of Civil Procedure 69, the enforcement, collection and levy of judgments is governed by the practice and procedure of the state court in which the federal district court sits, here Pennsylvania. See F.R.Civ.P 69.

The Pennsylvania Rules of Civil Procedure provide that "the Court may on application of any party in interest set aside the writ, service, or levy upon any other legal or equitable ground." See Pa.R.Civ.P. 3121(d), Stay of Execution.

Pennsylvania Rule of Civil Procedure 2327 similarly provides that any party shall be permitted to intervene in the following circumstances:

    (a). such person is so situated as to be adversely affected by a distribution or other

> disposition of property in the custody of the court or of an officer thereof; or;
> (b). such person could have been joined as an original party to the action, or could have been joined therein, or;
> (c). the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action. See also, F.R.Civ.P. 24 (a) which is substantially similar to Pa.R.Civ.P. 2327

Intervention is clearly permitted under the Pennsylvania Rules of Civil Procedure pertaining to Intervention and Stays and Enforcement of Judgments because RLI's rights to retained contract balances being held by the City of Philadelphia will certainly be affected by any distribution made under the levy being brought by The Teamsters. See Pa.R.Civ.P 2327, F.R.Civ.P. 24 and Pa.R.Civ.P 3121.

To avoid multiplicity of hearings and obtain all requested relief at one time, RLI, requests this Honorable Court to treat the present motion and memorandum of law as the proposed pleading that RLI would file if Intervention was granted. Pa.R.Civ.P. 3121(d) also by its terms allows any interested party to intervene of right and apply for a stay of execution and levy on legal or equitable grounds without filing a proposed pleading. RLI seeks a stay because as a surety who made payments under the performance and/or payment bonds it has a superior right to the retained contract balances under the doctrine of equitable subrogation. See Pearlman v. Reliance Insurance Company, 371 U.S. 132, 83 S.Ct. 232 (1962) and Jacobs v. Northeastern Corporation, 416 Pa 417, 427, 206 A.2d 49, 54 (1965).

For these reasons, RLI's should be allowed to intervene as of right and all execution and levy proceedings should be stayed.

**WHEREFORE,** RLI Insurance Company respectfully requests your Honorable Court to allow RLI to intervene and stay execution and levy proceedings brought by the Teamsters Health and Welfare Fund for Philadelphia and Vicinity against the retained contract balances being held

by the City of Philadelphia for Net Construction, Inc.

> **B.   Under the Doctrine of Equitable Subrogation, RLI's surety's rights are superior to any other creditor including the Teamsters and the City of Philadelphia, and therefore the City of Philadelphia should be ordered to transfer the retained contract balances to RLI.**

The Supreme Court of the United States in Pearlman v. Reliance Insurance Company, 371 U.S. 132, 83 S.Ct. 232 (1962) and the Supreme Court of Pennsylvania in Jacobs v. Northeastern Corporation, 416 Pa 417, 426-427, 206 A.2d 49, 54 (1965) have held that the surety 's right to contract balances on the Darien Street project are superior to that of any other creditor including, The Teamsters or the City of Philadelphia including claims for taxes owed.  Therefore, the City of Philadelphia is required to release and turn over the retained contract balances to the surety, RLI.

The surety's rights to the retained contract balances are based upon the doctrine of equitable subrogation.  Net Construction, Inc. was obligated to pay the subcontractors under its contract with the City of Philadelphia. By paying the debt of its principal, Net Construction, Inc., the surety, RLI, is entitled to the retained balances being held by the City of Philadelphia since Net Construction, Inc. would have been entitled to those balances had it paid the subcontractors who supplied labor and materials for the project.  RLI's payments under the surety bonds entitle RLI to step into the shoes of Net Construction, Inc.  See, Pearlman v. Reliance Insurance Company, 371 U.S. 132, 137-139,
83 S.Ct. 232, 235-236 (1962) and Jacobs v. Northeastern Corporation, 416 Pa 417, 419- 420, 423, 206 A.2d 49, 52 (1965).

In Jacobs, supra, the Supreme Court of Pennsylvania also made clear that the surety's was not required to perfect its interest by filing its claim since the surety's rights are based upon the doctrine of equitable subrogation.  See, Jacobs v. Northeastern Corporation, 416 Pa 417, 428-429,

206 A.2d 49, 54-55 (1965)

Moreover, under <u>Pearlman v. Reliance Insurance Company</u>, 371 U.S. 132, 141-142, 83 S.Ct. 232, 237 (1962), the surety, RLI, is entitled to all of the remaining contract balances for the Darien Street Project since the surety, RLI, paid more than the contract funds being retained by the City of Philadelphia.

The United States Supreme Court in <u>Pearlman</u>, supra also held that the case primarily relied upon by the City of Philadelphia, <u>United States v. Munsey Trust</u>, supra, did not change the surety's rights to receive the retained contract balances under the doctrine of equitable subrogation for payments made under its performance or payment bonds. The surety's rights to receive the contract balances are superior to any right claimed by the City of Philadelphia for taxes allegedly owed by Net Construction, Inc. See <u>Pearlman v. Reliance Insurance Company</u>, 371 U.S. 132, 139-141, 83 S.Ct. 232, 236-237 (1962).  The remaining case cited by the City of Philadelphia, <u>Pittsburgh National Bank v. United States</u>, 657 F.2d 36, 40 (3rd Cir. 1981) only holds that Pennsylvania Law recognizes that Banks have certain automatic rights of setoff against their depositors which have priority over government tax liens. <u>Pittsburgh</u>, supra, has no application to the present case since there are no banks seeking to set off claims against their depositors.

For all of the above reasons, the City of Philadelphia should be Ordered to transfer the contract balances from the Darien Street Project to RLI.

**WHEREFORE,** RLI respectfully requests your Honorable Court to Order the City of

Philadelphia to transfer the remaining contract balances of $17,291.35 for the Darien Street Project to RLI Insurance Company, the surety for Net Construction, Inc.

                                      **HARRY R. BLACKBURN & ASSOCIATES, P.C.**

                    By:                                            fdw102
                                        **PAUL T. DEVLIEGER, ESQUIRE**
                                        **FRANCINE D. WILENSKY, ESQUIRE**
                                        **1528 Walnut Street, Philadelphia, PA 19102**
                                        **(215) 985-0123**
**Dated: May 17, 2004**                Attorneys for Plaintiff, RLI Insurance Company

Q:\RLI Surety.729\Net Constr.001\city of philadelphia\Memo of Law.wpd