IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al: | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| NET CONSTRUCTION, INC. | : | NO. 02-4639 |
| Defendant | : | |

### ORDER

      **AND NOW**, this     day of          , 2004, upon consideration of the Motion of RLI Insurance Company to Intervene in and Stay Execution Proceedings and Plaintiffs Teamsters Health and Welfare Fund Of Philadelphia and Teamsters Pension Trust Fund of Philadelphia and Vicinity's responses thereto, it is hereby ORDERED that RLI Insurance Company's motion is **DENIED**.

                                                                                      **BY THE COURT:**

                                                                                       **HARVEY BARTLE, III     J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al: | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| NET CONSTRUCTION, INC. | : | NO. 02-4639 |
| | : | |
| Defendant | : | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO RLI INSURANCE COMPANY'S MOTION TO INTERVENE, OBTAIN STAY OF EXECUTION PROCEEDINGS AND TRANSFER OF CONTRACT BALANCE TO SURETY**

Plaintiffs Teamsters Health and Welfare Fund of Philadelphia and Vicinity ("Welfare Fund") and Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Pension Fund"), through their undersign counsel, file this response in opposition to RLI Insurance Company's Motion to Intervene, Obtain Stay of Execution Proceedings and Transfer of Contract Balance to Surety.

1. Admitted. By way of further clarification, both the Welfare Fund and the Pension Fund obtained a judgment against Defendant on September 24, 2002 and jointly filed the Writ of Execution against the City of Philadelphia as Garnishee.

2. Admitted in part, denied in part. It is admitted that the Funds received a copy of a bond issued by RLI Insurance Company, as part of Defendant's response to Plaintiffs' post-judgment request for production of documents. Plaintiffs do not have any actual knowledge of the relationship between Defendant and RLI Insurance Company and therefore deny the remaining allegations. It should be noted that RLI Insurance

Company failed to supply the Court and the other parties with a copy of the Bond in its motion.

3. Admitted in part, denied in part. It is admitted that Defendant Net Construction has failed to meet its labor obligations to its employees by failing to pay the employees' contributions to the Welfare Fund and the Pension Fund for the period from April 2000 to April 2002. The Plaintiffs are without knowledge of the remaining allegations and therefore denies the allegations.

4. Denied. Plaintiffs are withhout knowledge of the allegations stated in paragraph 4 and therefore deny the allegations.

5. Denied. Plaintiffs are without knowledge of the allegations stated in paragraph 5 and therefore deny the allegations. Furthermore, it should be noted that RLI Insurance Company's demands for payment were made after the Writ of Execution was filed and served.

6. Admitted in part, denied in part. It is admitted that the City of Philadelphia is holding a sum of $17,291.35 in accounts payable to Net Construction. Plaintiffs are without knowledge of the remaining allegations stated in paragraph 6 and therefore deny the allegations.

7. Plaintiffs are without knowledge of the allegations stated in paragraph 7 and therefore deny the allegations.

8. Admitted.[1]

---

[1] The Plaintiffs are not addressing their right to the garnished sums in reference to the City of Philadelphia's offset claim in that it is not the subject of the pending motion. Plaintiffs intend to address the issue in a separate brief pursuant to Rules 3147 and 3148 of the Pennsylvania Rule of Civil Procedure, once the issue of intervention has been addressed.

9. Denied. Plaintiffs deny the allegation stated in paragraph 9 as a conclusion of law.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied. Plaintiffs deny the allegation stated in paragraph 13 as a conclusion of law.

14. Denied. Plaintiffs deny the allegation stated in paragraph 14 as a conclusion of law.

15. Denied. Plaintiffs deny the allegation stated in paragraph 15 as a conclusion of law. RLI Insurance Company did not file a "claim" with the City of Philadelphia until after the Funds had filed a writ of execution.

16. Denied. Plaintiffs deny the allegation stated in paragraph 16 as a conclusion of law.

17. Denied. Plaintiffs deny the allegation stated in paragraph 17 as a conclusion of law.

18. Denied. Plaintiffs deny the allegation stated in paragraph 18 as a conclusion of law.

19. Denied. Plaintiffs deny the allegation stated in paragraph 19 as a conclusion of law.

WHEREFORE, Plaintiffs Teamsters Health and Welfare Fund of Philadelphia and Vicinity and Teamsters Pension Trust Fund of Philadelphia and Vicinity, respectfully request that RLI Insurance Company's motion to stay execution and transfer the $17,291.35 to RLI Insurance Company be Denied.

        Respectfully submitted,

        FREEDMAN AND LORRY, P.C.

By: _____
     SUSAN A. MURRAY (I.D. NO. 53036)
     (Validation Code SM1444)
     400 Market Street, Suite 900
     Philadelphia, PA 19106-2509
     (215) 931-2506
     Attorney for Plaintiffs

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al: | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| NET CONSTRUCTION, INC. | : | NO. 02-4639 |
| | : | |
| Defendant | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO RLI INSURANCE COMPANY'S MOTION TO INTERVENE,
OBTAIN STAY OF EXECUTION PROCEEDINGS AND
TRANSFER OF CONTRACT BALANCE TO SURETY**

Plaintiffs Teamsters Health and Welfare Fund of Philadelphia and Vicinity ("Welfare Fund") and Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Pension Fund"), through their undersign counsel, file this memorandum of law in opposition to RLI Insurance Company's Motion to Intervene, Obtain Stay of Execution Proceedings and Transfer of Contract Balance to Surety.

I.   STATEMENT OF FACT

Defendant Net Construction, Inc. is party to a collective bargaining agreement ("Agreement") with the Highway Truck Drivers and Helpers Local No. 312 affiliated with The International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America. Pursuant to the Agreement, the Defendant is required to submit remittance reports and pay contributions to the Funds for time worked by or paid to its covered employees. (Docket No. 4, Motion for Default Judgment, Motion Exhibit No.1)

A compliance payroll audit conducted by the Funds for the period from January 2000 to December 2001, revealed that Defendant Net Construction, Inc. was under-reporting hours and as a result, failed to pay the correct amount of contributions to the Funds. Furthermore, for the period from November 2001 to May 2002, no contributions were made the Fund on behalf of Defendant.  As a result of the Defendant's failure to submit the required payments this lawsuit was instituted against the Defendant on or about July 12, 2002.   (Docket No. 4, Motion for Default Judgment, Motion Exhibit No.2)

On September 24, 2002, the Court entered an Order for Default Judgment in the amount of $15,709.65. (Docket No. 5)  Defendant failed to cooperate with post-judgment discovery.  On January 6, 2003, the Court granted Plaintiffs' motion to compel post-judgment discovery. (Docket No. 7) On February 25, 2003, after conducting a hearing, the Court granted the Plaintiffs' motion for civil contempt for the Defendant's failure to comply with the Court's order.  (Docket No. 11)  On July 30, 2003, Defendant's president and owner finally agreed, after being detained for contempt, to comply with the Court's January 6, 2003 Order to respond to Plaintiffs' post-judgment discovery. (Docket Nos. 25-27). Plaintiffs were subsequently send a response to its post-judgment request for production of documents, including a copy of a contract with the City of Philadelphia, Bid Number 2547, Contract Number: 024053, dated October 12, 2001.  The contract's described the work as "Sewer Reconstruction and Water Mains Relay in Darien St (Butler St to Luzerne St) and Street Reconstruction in Darien St."  Plaintiffs' filed a Writ of Execution against the City of Philadelphia, for any accounts payable by Net Construction on November 6, 2003.  The Plaintiffs were not optimistic in that over two years had pass since the signing of the contract.  However, the Funds persisted

because they have a fiduciary obligation to collect all outstanding contributions owed and Defendant had included copies of other projects that it had bid on with the City, without any information as to the status of those bids.  A copy of Contract Number 024053 is hereto attached as Exhibit 1.

The City of Philadelphia requested additional time to Plaintiffs to respond, due to [1]the fact that there are several divisions to contact regarding this issue, including but not limited to the Contract and Revenue Departments[1].  Marissa O'Connell, Counsel for the City of Philadelphia had assured the Plaintiffs' counsel that the Finance Department had been put on notice that no checks were to be issued to the Defendant.  Ms. O'Connell subsequently informed Plaintiffs' counsel that the City of Philadelphia had conducted an audit of Net Construction, Inc., and that Net Construction, Inc. owed the City money.  At the time of the audit, Net Construction's time to appeal the audit had not lapse.

On January 8, 2004, the City of Philadelphia forwarded an informal response.  It asserted its right to offset by citing Pittsburgh National Bank v. United States, 657 F.2d 36 (3rd Cir. 1981).   It should be noted, that the City of Philadelphia stated that it contacted the surety RLI regarding any outstanding claims, indicating the RLI had not filed a claim with the City of Philadelphia.  Ms. O'Connell contacted the sureties as a precautionary measure, in that the priority of the payment is not clear in this matter.  A true and correct copy of the January 8, 2004 letter is hereto attached as Exhibit 2.

Plaintiffs' counsel subsequently requested that the City of Philadelphia file a formal answer, in that Pennsylvania precedent for permitting banks to offset, did not extent to municipalities.  In addition, the Plaintiffs' Writ of Execution was served before

---

[1] Plaintiffs' counsel, a former assistant city solicitor, was aware of the inquiries to multiple departments and agreed to the additional time.

the City of Philadelphia's lien had matured. The City of Philadelphia filed a formal response to the Writ of Executions' Interrogatories in Attachment, pursuant to Rule 3140 of the Pennsylvania Rules of Civil Procedure. RLI Insurance Company subsequently filed the instant motion to intervene. Net Construction, Inc. ceased operations.

II.     ARGUMENT

   **The Funds are the Parties for Which the Labor and Materials
   Bond was Intended to Pay.**

RLI Insurance Company issued a Labor and Materials Bond dated October 12, 2001 on behalf of principal Net Construction, Inc., intended for payment of laborers and materialmen, in the event that Net Construction, Inc. failed to pay these people for work performed on the Darien Street contract with the City of Philadelphia. (See Exhibit 1).

The type of work required under Net Construction, Inc.'s contract is under the work jurisdiction of the Defendant's collective bargaining agreement with the Union. Specifically, under Article XIV, it states the rates and job classifications for Heavy and Highway Construction work. A true and correct copy of the collective bargaining agreement is hereto attached as Exhibit 3.

Defendant failed to pay any contributions after November 2001 and incurred a shortage for October 2001. Therefore, Defendant failed to pay contributions for employees during the time period that the Labor and Materials Bond for the Darien Street project and the Funds were the projected beneficiaries of the Bond. ERISA Funds are potential claimants of Labor and Material Bonds in that employees forgo higher wages for benefits provided by the Funds. See Ragan v. Tri-County Excavating, Inc., 62 F.3d 501 (3rd Cir. 1995). Unfortunately, the Funds were unable to comply with the 90-day

notice provisions of the bond because they were unaware of its existence until receiving post-judgment discovery from Defendant.

There are no statutory provisions that protect sureties from a creditor asserting its right to garnish proceeds from a third party. Indeed, sureties are not included in Rule 3123.1 of the Pennsylvania Rules of Civil Procedure, with explicitly list several exemptions and immunity of property. Under Pennsylvania law, the priorities of judgment creditors claims have been dictated by who was first "to the Courthouse", i.e., the first creditor to file and serve a Writ of Execution on the garnishee. Neither the City of Philadelphia, nor RLI Insurance Company asserted their claim until after the Writ of Execution was filed, despite project in question was over two years old.

RLI Insurance Company[2] argues that under the doctrine of equitable subrogation, it has a property interest in money held by the City of Philadelphia. The underlying theory of the doctrine of equitable subrogation is that "these moneys must be paid to the surety, just as the fund would have gone to the labor and materialmen rather than to the general creditors even if there had been no bond, because the surety stands in the place of the persons whose claims it has paid." United States v. Commonwealth of Pennysylvania Department of Highways, 349 F. Supp. 1370 (E.D.Pa. 1972). If the equities in the law are to be exercised, then it is reasoned that the money generated by the Darien Street project should go to the Pension Fund and the Welfare Fund for payment of the laborers on that project. According to the Plaintiffs' records, the Pension Fund was owed $5,789.96 in contributions for the period from October 2001 to May 2002 and the Welfare Fund was

---

[2] It should be noted that RLI Insurance Company, like most sureties, required that Christopher Colletti and Bonnie Colletti, the principals/officers of Net Construction, Inc. personally indemnify any payments made by RLI Insurance Company. (See Exhibit 1.) RLI Insurance Company neglects to state whether any of the money expended has been satisfied by the Collettis or if any of their property has been liened.

owed $4,311.72 for the same period of time. Therefore, the outstanding contributions, plus interest and attorneys' fees and costs listed in the judgment should be considered a priority over RLI Insurance Company's claim to the proceeds of the Darien Street project.

     **WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court DENY RLI Insurance Company's Motion to Intervene, Obtain Stay of Execution Proceedings and Transfer Contract Balances to Surety.

                            Respectfully submitted,

                            FREEDMAN AND LORRY, P.C.

By: _____
     SUSAN A. MURRAY (I.D. NO. 53036)
     (Validation Code SM1444)
     400 Market Street, Suite 900
     Philadelphia, PA 19106-2509
     (215) 931-2506
     Attorney for Plaintiffs

Date: _____

## **CERTIFICATE OF SERVICE**

I, Susan A. Murray, Esquire, state under penalty of perjury that I caused a copy of the foregoing Plaintiffs' Response in Opposition to RLI Insurance Company's Motion to Intervene, Obtain Stay of Execution Proceedings and Transfer of Contract Balance to Surety to be served via first class mail, postage prepaid on the date and to the addresses below.

> Francine D. Wilensky, Esquire
> Harry R. Blackburn & Associates, P.C.
> 1528 Walnut Street, 9th Floor
> Philadelphia, PA  19102
>
> Marissa M. O'Connell, Esquire
> City Of Philadelphia Law Department
> 1515 Arch Street, 15th Floor
> Philadelphia, PA  19102
>
> Vincent N. Melchiorre, Esquire
> 1518 Walnut Street, Suite 806
> Philadelphia, PA  19102
> Counsel for Net Construction

_____
SUSAN A. MURRAY, ESQUIRE

Date: _____