IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY<br>Plaintiff<br>vs.<br>NET CONSTRUCTION, INC.<br>Defendant<br>and<br>CITY OF PHILADELPHIA<br>Garnishee | :<br>:<br>:<br>:<br>:  CIVIL ACTION<br>:<br>:  NO: 02-4639<br>:<br>:<br>:<br>: |

**RLI INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM OF LAW
IN RESPONSE TO THE OPPOSITION OF PLAINTIFFS' TEAMSTERS HEALTH AND
WELFARE FUND, PHILADELPHIA AND VICINITY TO RLI INSURANCE
COMPANY'S MOTION TO INTERVENE, OBTAIN STAY OF
EXECUTION PROCEEDINGS AND FOR AN ORDER DIRECTING THE
CITY OF PHILADELPHIA TO TRANSFER THE
CONTRACT BALANCES TO SURETY, RLI**

RLI Insurance Company (hereinafter referred to as "RLI"), by its undersigned counsel, the Law Firm of Harry R. Blackburn & Associates, P.C, briefly replies to the opposition filed by Plaintiffs' Teamsters Health and Welfare Fund, Philadelphia and Vicinity (hereinafter referred to as "Teamsters") to RLI's above captioned Motion.

**II. THE CASES CITED BY PLAINTIFF TEAMSTERS DO NOT ESTABLISH THAT THE TEAMSTERS HAVE ANY ENTITLEMENT TO THE CONTRACT BALANCES AND ONLY REINFORCE THAT THE SURETY, RLI, UNDER THE DOCTRINE OF EQUITABLE SUBROGATION IS ENTITLED TO AN ORDER DIRECTING THE CITY OF PHILADELPHIA TO TRANSFER THE REMAINING CONTRACT BALANCES TO RLI.**

As previously indicated, RLI issued performance and payment bonds to its principal, Net Construction Inc. for various constructions projects with the City of Philadelphia, including the Darien Street Project. Net Construction, Inc. failed to perform its construction contract with the City

of Philadelphia and pay subcontractors who furnished labor and materials to the Darien Street Project. RLI, discharged Net Construction, Inc.'s contractual obligations by paying $70,591.92 to subcontractors who furnished the labor and materials for the project. The City of Philadelphia has acknowledged RLI's claim for the retained contract balances from Net Construction Inc.'s Contract with the City of Philadelphia and is holding contract balances of $17,291.35 for the Darien Street project.

RLI has asserted that under the doctrine of equitable subrogation that the surety's rights are superior to any other creditor, including The Teamsters and The City of Philadelphia. See Pearlman v. Reliance Insurance Company, 371 U.S. 132, 83 S.Ct. 232 (1962) and Jacobs v. Northeastern Corporation, 416 Pa 417, 427, 206 A.2d 49, 54 (1965).

The Teamsters have cited two cases in opposition, Teamsters, Ragan v. Tri-County Excavating, 62 F.3d 501 (3rd Cir. 1995) and United States v. Commonwealth of Pennsylvania Department of Highways, 349 F. Supp. 1370 (E.D.Pa. 1972). Neither Ragan v. Tri-County Excavating, 62 F.3d 501 (3rd Cir. 1995) nor United States v. Commonwealth of Pennsylvania Department of Highways, 349 F. Supp. 1370 (E.D.Pa. 1972) indicate that a general creditor would have priority over a surety who discharged the obligations of the contractor under the performance and/or payment bonds. In fact, the cases relied upon the Teamsters, reinforce that the surety would have priority over the Teamsters under the doctrine of equitable subrogation. In United States v. Commonwealth of Pennsylvania Department of Highways, 349 F. Supp. 1370 (E.D.Pa. 1972), the court specifically recognized that the surety would have priority without filing a financing statement or any other document over general creditors of the contractor. The Teamsters in this case occupy the position of general contractors. The other case cited by the Plaintiff Teamsters only holds that

an entity that is an alter ego of the principal need not comply with the notice provisions of the payment bond for payment bond claimants that do not have a direct contract with the principal.  See, Ragan v. Tri-County Excavating, 62 F.3d 501, 508-509 (3rd Cir. 1995)  In fact, The Teamsters do not even allege that they made a timely claim against the surety bond issued by RLI on behalf of Net Construction Inc. in connection with the Darien Street Project.  In no stretch of the imagination are the Teamsters a related company or alter ego of Net Construction, Inc.  In any event, the Surety, RLI's rights are superior to any general contractor of Net Construction, Inc, such as Plaintiff Teamsters, under the doctrine of equitable subrogation.

For all of the above reasons, the City of Philadelphia should be Ordered to transfer the contract balances from the Darien Street Project to RLI.

**WHEREFORE,** RLI respectfully requests your Honorable Court to grant them the right to intervene, stay execution proceedings and Order the City of Philadelphia to transfer the remaining contract balances of $17,291.35 for the Darien Street Project to RLI Insurance Company, the surety for Net Construction, Inc.

**HARRY R. BLACKBURN & ASSOCIATES, P.C.**

By:  _____fdw102_____
**PAUL T. DEVLIEGER, ESQUIRE**
**FRANCINE D. WILENSKY, ESQUIRE**
**1528 Walnut Street, Philadelphia, PA 19102**
**(215) 985-0123**

**Dated: June 18, 2004**          Attorneys for Plaintiff, RLI Insurance Company

Q:\RLI Surety.729\Net Constr.001\city of philadelphia\Supplemental Memorandum of Law.wpd