

# CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

Pedro A. Ramos
City Solicitor

Marissa O'Connell
Deputy City Solicitor
(215) 683-5312 (Tel.)
(215) 683-5298 (Fax)

July 9, 2004

United States District Court for the
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street,
Philadelphia, PA 19106

Re: **Teamsters Health and Welfare Fund, Philadelphia and Vicinity, et al. v. Net Construction, Inc. and City of Philadelphia**
**No. 02-4639**

To the Court:

Pursuant to Judge Bartle's direction, enclosed please find two copies of the City of Philadelphia's Memorandum of Law in Opposition to RLI Insurance Company's Motion to Obtain Stay of Execution Proceedings and Transfer of Contract Balances to Surety and a disk with the document in PDF format, for the above-captioned case. Also enclosed is a stamped envelope for your convenience in returning a time-stamped copy to my attention.

Should you have any questions, please contact me at the number listed above or contact my secretary Clare Wombough at (215) 683-5303.

Very truly yours,

Marissa M. O'Connell
Deputy City Solicitor

MMO:cw

Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY, et al.<br>　　　　　Plaintiff<br><br>vs.<br><br>NET CONSTRUCTION, INC.<br>　　　　　Defendant<br>　　and<br>CITY OF PHILADELPHIA<br>　　　　　Garnishee | :<br>:<br>:<br>:<br>: 　CIVIL ACTION<br>:<br>:<br>:<br>:<br>:<br>: 　NO: 02-4639 |

## ORDER

AND NOW, this       day, of       , 2004, upon consideration of the Motion of RLI Insurance Company to Intervene in and Stay Execution Proceedings and for an entry of an Order directing the City of Philadelphia to transfer the remaining contract balances to the Surety, it is hereby ORDERED AND DECREED as follows:

1. RLI Insurance Company's Motion for Stay of all Execution proceedings brought by the Teamsters Health and Welfare Fund of Philadelphia and Vicinity, et al. for a levy of any monies being held by the City of Philadelphia pertaining to work contracted by Net Construction Inc, for the City of Philadelphia is DENIED.

2. The City of Philadelphia is ORDERED to retain the remaining contract balances of $17,291.35 and $2,442.48 from its contract(s) with Net Construction Inc. to be applied to Net Construction Inc.'s outstanding tax obligations owed to the City of Philadelphia.

3. The Writ of Execution filed by the Teamsters Health and Welfare Fund of Philadelphia and Vicinity, et al. against the City of Philadelphia is discontinued.

　　　　　　　　　　　　　　　　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY, et al.<br>Plaintiff<br><br>vs.<br><br>NET CONSTRUCTION, INC.<br>Defendant<br>and<br><br>CITY OF PHILADELPHIA<br>Garnishee | :CIVIL ACTION<br><br><br><br><br><br><br>NO: 02-4639 |

### GARNISHEE'S MEMORANDUM OF LAW IN OPPOSITION TO RLI INSURANCE COMPANY'S MOTION TO OBTAIN STAY OF EXECUTION PROCEEDINGS AND TRANSFER OF CONTRACT BALANCES TO SURETY

Garnishee, City of Philadelphia ("City"), through its undersigned counsel, files this Memorandum of Law in Opposition to RLI Insurance Company's ("RLI") Motion to Obtain Stay of Execution Proceedings and Transfer of Contract Balance of Surety.[1]

### I. STATEMENT OF FACTS

The facts in this case do not appear to be disputed. The City of Philadelphia entered into various contracts with Net Construction, Inc. ("Net") for work. In both of the contracts involved in this particular case, the work was substantially completed and accepted, certain contract balances were placed on tax hold due to Net's outstanding tax obligations to the City. The City

---

[1] The City notes that RLI's Motion to Intervene was granted by this Court on June 21, 2004 and will thereby not respond to that portion of the Motion.

of Philadelphia's Department of Revenue audited and assessed Net for additional taxes in the amount of $691,462.00 plus interest and penalties which continue to accrue.

The amounts on hold include $17,291.35 on bid #2547 and $2,442.48 on bid #2362. RLI is the surety on contract bid #2547 and National Surety Corporation ("National") is the surety with respect to contract bid #2362. The City advised both parties of the Writ of Execution filed by the Teamsters Health and Welfare Fund of Philadelphia and Vicinity, et al. ("Teamsters") and received no further communication from National.

Therefore, the dispute between RLI, the Teamsters, and the City is with respect to the funds held on contract bid #2547. The dispute as to the remaining funds is between the Teamsters and the City.

The parties do not dispute that Net Construction, Inc. is indebted to the City for outstanding tax obligations. See attached printout from the City of Philadelphia Department of Revenue's computer records stating Net's tax liabilities as of July 9, 2004 as Exhibit "A".

## II.  LEGAL ARGUMENT

**The City's right to set off the retained contract balances is superior to the rights of RLI and the Teamsters.**

As stated in the City's Answers to Interrogatories and New Matter, but not mentioned in RLI's Motion, under 53 P.S. §§ 16081, 16082 and 16083 ("Statute") the City may withhold payment of claim because such person owes taxes to the City. The City routinely withholds disbursement of funds to contractors, also referred to as vendors, when contractors fail to file and/or pay self-assessed taxes owed to the City. This right of set-off is superior to the contractor's right to receive payment of the funds.

Under state law the Teamsters through its Writ of Execution steps into the shoes of Net and has the same rights Net would otherwise have to the contract balances. See

Pennsylvania Rules of Civil Procedure, Rule 3111. If Net has no right to the contract balances due to Net's outstanding tax obligations, then the Teamster's have no right to the contract balances.

Case law also supports the City's right to the contract balances. The City does not dispute RLI's argument that Pearlman v. Reliance Insurance Company, 327 U.S. 132, 83 S.Ct. 232 (1962) and Jacobs v. Northeastern Corporation, 416 Pa. 417, 426-427, 206 A.2d 49, 54 (1965) hold that under the doctrine of equitable subrogation RLI has rights superior to the Teamsters to the contract balances. However, the City disagrees with the conclusion drawn by RLI that the surety's rights are superior to the City's based on these holdings. In both of those cases there was no right of set-off claimed, the dispute was only between the surety and a general creditors fund.

In United States v. Munsey Trust Co. of Washington, DC., 332 U.S. 234, 67 S.Ct, 1599 (1947), the Supreme Court of the United States specifically addressed the government's right to set off claims prior to payment to the contractor's surety who paid subcontractors for labor and materials on a project. In Munsey the surety argued that based on its payment to laborers and materialmen, that it had a right superior to the United States in the retained contract balances. The Court held that, "the government properly used its right to set off its independent claims." Munsey, at 244.

In Pearlman v. Reliance Insurance Company, 371 U.S. 132, 83 S.Ct. 232 (1962), the bankruptcy trustee argued that the Supreme Court's decision in Munsey Trust Co., supra, changed the surety's right to the contract balances. The Court stated:

> The point of issue in that case was whether the United
> States while holding a fund like the one in this case could
> offset against the contractor a claim bearing no
> relationship to the contractor's claim there at issue. We

3

> held that the government could exercise the well-
> established Common law right of debtors to offset claims
> of their own against their creditors. This was all we held.

Pearlman, at 257. The Court in Pearlman did not disrupt the specific holding in Munsey. Pearlman holds that having paid the contractor's claims, the surety steps into the contractor shoes and acquires a right of subrogation. However, the surety cannot have rights to funds which the contractor would not otherwise be entitled. Munsey at 242. The government was entitled to set-off the contract balances to satisfy its own claims prior to paying the contractor. Applying the rationale, RLI does not have rights superior to the City.

Taken together, if Pearlman did not disrupt the holding in Munsey then the City's right to retain the contract balances to set-off its debts is superior to the surety's right to the contract balances. If the surety's right is superior to the Teamster's rights, then the City's right to retain the funds is superior to both the Teamsters and RLI.

WHEREFORE, the City of Philadelphia respectfully requests that this Honorable Court deny RLI's Motion to transfer the remaining contract balances and hold that the City's right to retain the contract balances to be applied to Net's outstanding tax liabilities is superior to both the Teamsters and RLI rights in the contract balances.

    Respectfully submitted,

    PEDRO A. RAMOS
    City Solicitor

    Frank Paiva, Jr.
    Divisional Deputy City Solicitor

    BY: _/s/ Marissa M. O'Connell_
    Marissa M. O'Connell
    Deputy City Solicitor

Dated: July 9, 2004

4

```
LANA177                      TIPS ACCOUNTING SYSTEM                  07/09/04
T015     ____                   ACCOUNT LIABILITY                    10:59:36

ENTITY: EIN / 232750992__   NAME   : NET CONSTRUCTION INC_____
ACCOUNT      : BPT          ADDRESS: 1130 CHURCH RD_____
ACCOUNT ID   : 6555551_____ BUSINESS PRIVILEGE_____
I&P CALC DATE: 07/09/2004             PERIOD START DATE: _____

      PERIOD      PRINCIPAL    INTEREST    PENALTY      OTHER       TOTAL      STATUS
    BPT         6555551
 _  12311995Y NON-FILER                                                        CASE
 _  12311997Y                  1305.15     2021.25                  3326.40    RECON
 _  12311999Y   135600.00     85428.00   127125.00                348153.00    CASE
 _  12312000Y   140762.00     72709.11   112628.31                326099.42    CASE
 _  12312001Y   129411.00     51140.56    83974.10                264525.66    CASE
 _  04152002Y                 17072.76    42681.90                 59754.66
 _  12312002Y    30162.00      4524.30    10179.68                 44865.98    CASE
 _  04152003Y    30162.00      4524.30    10179.68                 44865.98    CASE
 _     TOTAL    466097.00    236704.18   388789.92               1091591.10

                                                                   MORE: Y
  PF1=HELP    PF5=ACCT-DETAIL    PF7=BACKWARD    PF8=FORWARD    PF12=MENU
CANNOT PAGE BACK FARTHER
```

Exhibit "A"

```
LANA177                      TIPS ACCOUNTING SYSTEM                  07/09/04
T015   ____                    ACCOUNT LIABILITY                     10:59:39

ENTITY: EIN / 232750992__    NAME   : NET CONSTRUCTION INC_____
ACCOUNT      : WAG           ADDRESS: 1130 CHURCH RD_____
ACCOUNT ID   : 6555551_____  WAGE_____
I&P CALC DATE: 07/09/2004            PERIOD START DATE: _____

     PERIOD      PRINCIPAL   INTEREST    PENALTY      OTHER        TOTAL     STATUS
   WAG        6555551
 _ 12311998M    16386.00    10650.90    15771.53                  42808.43   CASE
 _ 12311999M    14981.00     7939.93    12172.06                  35092.99   CASE
 _ 12312000M     5583.00     4320.92     8778.48                  18682.40   CASE
 _ 12312001M    38285.00    11102.65    19621.06                  69008.71   CASE
 _ 12312002M    38019.00     6463.23    13781.89                  58264.12   CASE
 _ 12312003M NON-FILER                                                       BILL
      TOTAL   113254.00    40477.63    70125.02                  223856.65
   ENT TOTAL  579351.00   277181.81   458914.94                 1315447.75


                                                                    MORE:
   PF1=HELP   PF5=ACCT-DETAIL    PF7=BACKWARD     PF8=FORWARD    PF12=MENU
NO MORE RECORDS FOR THIS VIEW
```

Exhibit "A"

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the attached Garnishee's Memorandum of Law in Opposition to RLI Insurance Company's Motion to Obtain Stay of Execution Proceedings and Transfer of Contract Balances to Surety was made on the 9th day of July, 2004, to the following by mailing the same in a postage-paid envelope addressed as follows:

>   Susan A. Murray, Esquire
>   FREEDMAN AND LORRY, P.C.
>   400 Market Street, Suite 900
>   Philadelphia, PA 19106
>
>   Paul T. T. DeVlieger, Esquire
>   HARRY R. BLACKBURN & ASSOCIATES, P.C.
>   1528 Walnut Street
>   Philadelphia, PA 19102
>
>   Net Construction, Inc.
>   c/o Christopher Colleti
>   1130 Church Road
>   Wyncote, PA 19095

>   _____
>   MARISSA M. O'CONNELL, ESQUIRE
>   Deputy City Solicitor
>   City of Philadelphia, Law Department
>   1515 Arch Street, 15th Floor
>   Philadelphia, PA 19102
>   (215) 683-5312
>   Attorney I.D. Number: 66629