IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al. | : : : | CIVIL ACTION NO. 02-4639 |
| Plaintiffs, | : : | |
| v. | : : | |
| NET CONSTRUCTION, INC. | : : : | |
| Defendant | : | |

**PLAINTIFFS' MEMORANDUM OF LAW REGARDING THEIR RIGHT TO GARNISHED FUNDS HELD BY THE CITY OF PHILADELPHIA**

Plaintiffs Teamsters Pension Trust Fund of Philadelphia and Vicinity, Teamsters Health and Welfare Fund of Philadelphia and Vicinity ("Funds") and William J. Einhorn, Administrator, by their counsel, respectfully file this Memorandum of Law regarding their right to NET Construction, Inc.'s garnished funds held by Garnishee City of Philadelphia.

**I.      STATEMENT OF FACT**

Defendant Net Construction, Inc. is party to a collective bargaining agreement ("Agreement") with the Highway Truck Drivers and Helpers Local No. 312 affiliated with The International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America. Pursuant to the Agreement, the Defendant is required to submit remittance reports and pay contributions to the Funds for time worked by or paid to its covered employees. (Docket No. 4, Motion for Default Judgment, Motion Exhibit No.1)

A compliance payroll audit conducted by the Funds for the period from January 2000 to December 2001, revealed that Defendant Net Construction, Inc. was under-reporting hours and as a result, failed to pay the correct amount of contributions to the Funds.  Furthermore, for the period from November 2001 to May 2002, no contributions were made the Fund on behalf of Defendant.  As a result of the Defendant's failure to submit the required payments this lawsuit was instituted against the Defendant on or about July 12, 2002.   (Docket No. 4, Motion for Default Judgment, Motion Exhibit No.2)

On September 24, 2002, the Court entered an Order for Default Judgment in the amount of $15,709.65. (Docket No. 5)  Defendant failed to cooperate with post-judgment discovery.  On January 6, 2003, the Court granted Plaintiffs' motion to compel post-judgment discovery. (Docket No. 7) On February 25, 2003, after conducting a hearing, the Court granted the Plaintiffs' motion for civil contempt for the Defendant's failure to comply with the Court's order.  (Docket No. 11)  On July 30, 2003, Defendant's president and owner finally agreed, after being detained for contempt, to comply with the Court's January 6, 2003 Order to respond to Plaintiffs' post-judgment discovery. (Docket Nos. 25-27). Plaintiffs were subsequently send a response to their post-judgment request for production of documents, including a copy of a contract with the City of Philadelphia, Bid Number 2547, Contract Number: 024053, dated October 12, 2001.  The contract's described the work as "Sewer Reconstruction and Water Mains Relay in Darien St (Butler St to Luzerne St) and Street Reconstruction in Darien St."  Plaintiffs' filed a Writ of Execution against the City of Philadelphia, for any accounts payable by Net Construction on November 6, 2003.  The Plaintiffs were not optimistic in that over

two years had pass since the signing of the contract. However, the Funds persisted because they have a fiduciary obligation to collect all outstanding contributions owed and Defendant had included copies of other projects that it had bid on with the City, without any information as to the status of those bids. A copy of Contract Number 024053 is hereto attached as Exhibit 1.

The City of Philadelphia requested additional time to respond, due to the fact that there are several divisions to contact regarding this issue, including but not limited to the Contract and Revenue Departments. Marissa O'Connell, Counsel for the City of Philadelphia had assured the Plaintiffs' counsel that the Finance Department had been put on notice that no checks were to be issued to the Defendant. Ms. O'Connell subsequently informed Plaintiffs' counsel that the City of Philadelphia had conducted an audit of Net Construction, Inc., and that Net Construction, Inc. owed the City money. At the time of the audit, Net Construction's time to appeal the audit had not lapse.

On January 8, 2004, the City of Philadelphia forwarded an informal response. It asserted its right to offset by citing *Pittsburgh National Bank v. United States*, 657 F.2d 36 (3rd Cir. 1981). It should be noted, that the City of Philadelphia stated that it contacted the surety RLI regarding any outstanding claims, indicating the RLI had not filed a claim with the City of Philadelphia. Ms. O'Connell contacted the sureties as a precautionary measure, in that the priority of the payment is not clear in this matter. A true and correct copy of the January 8, 2004 letter is hereto attached as Exhibit 2.

Plaintiffs' counsel subsequently requested that the City of Philadelphia file a formal answer, in that Pennsylvania precedent for permitting banks to offset, did not extent to municipalities. In addition, the Plaintiffs' Writ of Execution was served before

the City of Philadelphia's lien had matured.  The City of Philadelphia filed a formal response to the Writ of Executions' Interrogatories in Attachment, pursuant to Rule 3140 of the Pennsylvania Rules of Civil Procedure.  RLI Insurance Company has represented to the Court that it is owed a significant amount of money by NET Construction, Inc.  Upon information and belief, RLI Insurance Company failed to assert a claim against Garnishee City of Philadelphia until the Garnishee served a copy of its Answers to Interrogatories in Attachment.  RLI Insurance Company subsequently filed a motion to intervene.  Net Construction, Inc. ceased operations.

**II.    ARGUMENT**

The outstanding issue in this matter is whom has the superior right to the proceeds earned by NET Construction, Inc. for its work performed on contracts with the City of Philadelphia.

Pursuant to Federal Rule of Civil Procedure 69(a), the "process to enforce a judgment for the payment of money shall be a writ of execution unless the court directs otherwise.  The procedure on execution…shall be in accordance with the practice and procedure of the state in which the district court is held…"

In the instant case, creditors City of Philadelphia and RLI Insurance Company, neither of which have a judgment against Defendant NET Construction, Inc., are asserting a superior right to that of judgment creditors Teamsters Health and Welfare Fund of Philadelphia and Vicinity and Teamsters Pension Trust Fund of Philadelphia and Vicinity.

The City of Philadelphia asserts its claim pursuant to *United States v. Munsey Trust Co. of Washington, D.C.,* 332 U.S.234, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947).  In

*Munsey,* the United States Supreme Court held that the federal government's right to offset was superior to that of a surety of a labor and material bond's right to the balance owed a contractor. The Court reasoned that the surety could not assert a subrogation right, where it stood in the shoes of the laborers or materialmen because those laborers and materialmen had no standing to sue the federal government due to sovereign immunity. *Id.* at 240-241, 67 S.Ct. at 1603. It should be noted that there is no sovereign immunity argument in the instant case.

*Munsey* does not dispose of this issue. The United States Supreme Court in *Pearlman v. Reliance Insurance Company,* 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962) revisited the issue of priority between the federal government and a surety of a labor and materials bond. In *Pearlman*, the Court held that "the equities existing here in favor of the surety grow out of the contract between it and the contractor (in whose shoes the trustee now stands) …" *Id.* at 143, 83 S.Ct. at 238. RLI Insurance Company relies on *Pearlman* to assert its priority over the City of Philadelphia and the Plaintiffs. The Plaintiffs agree that RLI Insurance Company has a priority over the City based upon *Pearlman,* but no such priority over the Plaintiffs.

In *Universal Bond Insurance Co., v. Gittens and Sprinkle Enterprises, Inc.*, 960 F.2d 366 (3rd Cir. 1992), the Third Circuit recognizes that there is an apparent conflict between *Munsey* and *Pearlman.*

> *Munsey* and *Pearlman* appear to offer conflicting responses to the question posed to us in the present case; i.e., do unpaid laborers and materialmen possess rights to contract balances owed, but not yet paid by federal agencies to contractors? Under *Pearlman*, they apparently do possess such rights, as evidenced by *Pearlman's* holding that the surety, which had paid laborers and materialmen, received such rights from them through subrogation. Under *Munsey*, however, laborers and materialmen may not assert any such rights.

*Id.* at 375.

In *Universal Bonding* the Court observed that laborers possessed no <u>enforceable</u> rights against the funds retained by the federal government due to sovereign immunity, not that the laborers possessed no rights in those funds at all. *Id*. at 375. In *Pearlman*, the surety had subrogation rights in its own name as well subrogated to the rights of the contractor whose debt it paid. *Pearlman*, at 132, 83 S.Ct. at 232.

RLI Insurance Company has argued that it has an equitable interest in the funds payable to NET Construction by the City of Philadelphia pursuant to *Pearlman.* In *Universal Bonding,* the Third Circuit held that laborers retain an interest in the funds payable to a contractor *Universal Bonding*, at 376. "It would be anomalous to hold that sureties which, under subrogation to the rights of laborers and materialmen obtain a greater interest in the retained fund than the laborers and materialmen could themselves obtain once the funds are released to the contractor." *Id.*

In essence the Courts in *Pearlman* and *Universal Bonding* created an equitable trust for the benefit of laborers and materialmen. *Universal Bonding at 376.* Therefore, RLI Insurance Company's argument that it has a superior right to the proceeds held by the City of Philadelphia is flawed.

> **A. The Funds have a Superior Right to the Proceeds Because the City of Philadelphia's Claim Had Not Matured at the Time the Writ of Execution Was Served and There Would be Unjust Enrichment on Behalf of the City of Philadelphia.**

The City of Philadelphia is not entitled to an offset pursuant to *Pearlman*, with both the surety and Plaintiffs (representing laborers), having a superior equitable interest, as set forth above.

In addition, The City of Philadelphia has failed to provide any of the parties with a final audited amount owed the City by NET Construction, Inc. Moreover, City of Philadelphia audited tax assessments are subject to an appeal period. The City of Philadelphia failed to provide any parties as to when the audit was completed, whether NET Construction had contested the audit, whether the time period for an appeal had expired and whether the appeal time expired was after the Plaintiffs' writ of execution was served. On page 21 of the City of Philadelphia publication, "Plain Talk Tax Guide", the City acknowledges that assessments can be appealed. A true and correct copy of the pertinent section is hereto attached as Exhibit 3.

Under Pennsylvania law, the general rule governing a garnishee's right to offset is that a valid offset must be a debt due at the time of the commencement of the garnishment. "If the claim is not then ripe for action it cannot be set off." *Roig v. Tim*, 103 Pa. 115 (1883); *Frazier v. Berg*, 306 Pa. 317(1932).

The City of Philadelphia relies on 53 P.S. §§16081-16083 to assert its right to offset amounts. However, it has failed to prove that the taxes were due and finalized at the time of the garnishment. Moreover, the City of Philadelphia would be unjustly enriched if it were allowed to offset taxes due when the laborers who perform work for the City of Philadelphia were not fully compensated.

NET Construction employees forgo higher wages in lieu of pension and health and welfare benefits. Specifically, the Teamsters Health and Welfare Fund provides medical benefits. The Teamsters Health and Welfare Fund is self-insured. Therefore, it was responsible for payment of any medical expenses incurred by NET Construction workers regardless of whether the contributions were received. Contributions to the

Funds are based upon each hour worked or earned by an employee, further making it tied to an individual's labor. The City of Philadelphia has received the labor of these workers, but does not wish to compensate them through payment to the Plaintiffs.

**B. The Funds are the Parties for Which the Labor and Materials Bond was Intended to Pay.**

RLI Insurance Company issued a Labor and Materials Bond dated October 12, 2001 on behalf of principal Net Construction, Inc., intended for payment of laborers and materialmen, in the event that Net Construction, Inc. failed to pay these people for work performed on the Darien Street contract with the City of Philadelphia. (See Exhibit 1).

The type of work required under Net Construction, Inc.'s contract is under the work jurisdiction of the Defendant's collective bargaining agreement with the Union. Specifically, under Article XIV, it states the rates and job classifications for Heavy and Highway Construction work. A true and correct copy of the collective bargaining agreement is hereto attached as Exhibit 4.

Defendant failed to pay any contributions after November 2001 and incurred a shortage for October 2001. Therefore, Defendant failed to pay contributions for employees during the time period that the Labor and Materials Bond for the Darien Street project and the Funds were the projected beneficiaries of the Bond. If the equities in the law are to be exercised, then it is reasoned that the money generated by the Darien Street project should go to the Pension Fund and the Welfare Fund for payment of the laborers on that project. According to the Plaintiffs' records, the Pension Fund was owed $5,789.96 in contributions for the period from October 2001 to May 2002 and the Welfare Fund was owed $4,311.72 for the same period of time. Therefore, the outstanding contributions, plus interest and attorneys' fees and costs listed in the

judgment should be considered a priority over RLI Insurance Company's claim to the proceeds of the Darien Street project.

Plaintiffs counsel spoke with Gary Markey, a former employee of NET Construction, Inc.  Mr. Markey verified that he was on all of NET Construction's projects with the City of Philadelphia as Defendant's primary driver, including the Darien Street Project.  Attached as Exhibit 5 is a copy of the Affidavit that Mr. Markey will be submitting in this matter. (The holiday limited the Plaintiffs' ability to obtain a timely affidavit.  However, an affidavit will be submitted shortly.)  Attached as Exhibit 6 is a copy of an audit for the year 2001, which reflects that Mr. Markey worked a steady 40-plus work week for NET Construction.

In light of *Pearlman* and *Universal Bonding*, the Plaintiffs have an equal, if not superior right over the surety, to the proceeds of the garnishment.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court grant the Plaintiffs the proceeds of the garnished funds held by the City of Philadelphia.


Respectfully submitted,

FREEDMAN AND LORRY, P.C.


By: _____
SUSAN A. MURRAY (I.D. NO. 53036)
(Validation Code SM1444)
400 Market Street, Suite 900
Philadelphia, PA 19106-2509
(215) 931-2506
Attorney for Plaintiffs

Date: _____

**CERTIFICATE OF SERVICE**

      I, Susan A. Murray, Esquire, state under penalty of perjury that I caused a copy of the foregoing Plaintiffs' Memorandum Of Law Regarding Their Right To Garnished Funds Held by the City of Philadelphia to be served via first class mail, postage prepaid on the date and to the addresses below.

>Francine D. Wilensky, Esquire
>Harry R. Blackburn & Associates, P.C.
>1528 Walnut Street, 9th Floor
>Philadelphia, PA  19102
>
>Marissa M. O'Connell, Esquire
>City Of Philadelphia Law Department
>1515 Arch Street, 15th Floor
>Philadelphia, PA  19102

 

                                          SUSAN A. MURRAY, ESQUIRE

Date:  July 9, 2004