IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY : Plaintiff : vs. : NET CONSTRUCTION, INC. : Defendant : and : CITY OF PHILADELPHIA : Garnishee : : | CIVIL ACTION NO: 02-4639 |

**RLI INSURANCE COMPANY'S SECOND SUPPLEMENTAL MEMO OF LAW IN RESPONSE TO THE OPPOSITION OF PLAINTIFF, TEAMSTERS HEALTH AND WELFARE FUND, PHILADELPHIA AND VICINITY AND THE CITY OF PHILADELPHIA TO RLI INSURANCE COMPANY'S MOTION FOR THE ENTRY OF AN ORDER DIRECTING THE CITY OF PHILADELPHIA TO TRANSFER THE <u>CONTRACT BALANCES TO SURETY, RLI</u>**

RLI Insurance Company (hereinafter referred to as "RLI"), by its undersigned counsel, the Law Firm of Harry R. Blackburn & Associates, P.C., briefly replies to the opposition filed by Plaintiffs' Teamsters Health and Welfare Fund, Philadelphia and Vicinity (hereinafter referred to as "Teamsters") and the City of Philadelphia (hereinafter referred to as "The City") to RLI's above captioned Motion.

    **I.**    **The Cases cited by the Teamsters and the City of Philadelphia do not establish any right of the Teamsters or the City to the retained contract balances from Net Construction Inc.'s contract with the City and only reinforce that the surety, RLI, who discharged Net Construction Inc.'s contractual obligations, is entitled to the retained contract balances on the Darien Street project, under the doctrine of Equitable Subrogation.**

At the outset, it is noted that RLI, is only asserting a claim to the retained contract balances from the Darien Street Project which are in the amount of $17,291.35. RLI expresses no opinion on the Teamsters' rights to retained contract balances belonging to Net Construction Inc. from Net

Construction Inc.'s other contract with the City in the amount of $2,442.48.

As previously indicated, in the original response, RLI, a surety, issued surety bonds for Net Construction Inc. (hereinafter referred to as "Net") for Net's contract with the City for the Darien Street Project. When Net Construction, Inc. failed to complete the contract and pay for labor and/or materials, RLI as surety paid the claims made for labor and/or materials. In fact, RLI paid more than $70,000.00 for labor and materials which is far more than the retained contract balances of $17,291.35 being held by the City.

First, RLI has a superior right to the Teamsters to the retained contract balances being held by the City. In fact, The Teamsters concede themselves that under Pearlman v. United States, 371 U.S. 132, 88 S.Ct. 232 (1962), the Surety, RLI, has priority over the Teamsters and the City under the doctrine of Equitable Subrogation since RLI discharged Net's Obligations under the contract and surety bond. See RLI's proof of payment which is attached to RLI's original motion as Exhibit "B." The Teamsters further assert that they have a right to share the retained contract balances with the Surety, RLI, since one of their members provided labor to this project on some undefined date with no hours and no earnings specified. No court has ever recognized the right of the labor and material men to share in the surety's equitable subrogation rights. The Teamsters rely on Universal Bonding v. Gittens and Sprinkle Enterprises, 960 F.2d 366, 375-376 (3rd cir. 1992), for their authority to share the retained contract balances with RLI. However, Universal Bonding, supra, specifically held to the contrary. In Universal, supra, the Third Circuit, relying on New Jersey Statutes and not Pennsylvania Statutes, recognized the surety's right to retained contract balances under Equitable Subrogation for paying the labor and material men but specifically held that the labor and material men have no right to the retained contract balances being withheld by the government. See,

Universal Bonding v. Gittens and Sprinkle Enterprises, 960 F.2d 366, 375-376 (3rd cir. 1992)

Additionally, the Teamsters never presented a claim under RLI's surety bond for the payment of labor rendered by any Teamsters' member to the Darien Street Project. Had the Teamsters presented the attached affidavit signed by one of the members of the Teamsters, it would have been rejected since the Teamsters can not substantiate the dates when the union member worked on the project, the duties performed, the hours worked and the wages due. Additionally, The Teamsters cannot use the doctrine of equitable subrogation to avoid their failure to submit a timely claim to RLI or bring an action against the surety within Pennsylvania's the one year statute of limitations for surety bond claims. See, 8.P.S.§197 er seq.

Second, under Pearlman, supra, the Surety's rights to the retained contract balances are superior to the City's rights to set off the taxes owed by Net. Pearlman, supra, specifically recognized that a surety that discharges claims for labor and materials has a right to the retained contract balances being held by the Governement. Since the Surety paid out more than the amount of the retained contract balances, the Surety is entitled to all of the retained contract balances. See, Pearlman v. United States, 371 U.S. 132, 141-142, 88 S.Ct. 232, 237 (1962). The United States Supreme Court further recognized in Pearlman, supra, that the Surety's rights under Equitable Subrogation were not affected by United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947). See, Pearlman v. United States, 371 U.S. 132, 140-141, 88 S.Ct. 232, 237 (1962).

**WHEREFORE**, RLI Insurance Company respectfully requests that your Honorable Court to direct the City of Philadelphia to transfer the retained contract balances of **$17,291.35** being held by the City for the Darien Street Project to RLI.

**HARRY R. BLACKBURN & ASSOCIATES, P.C.**

By: _____fdw102____
**PAUL T. DEVLIEGER, ESQUIRE**
**FRANCINE D. WILENSKY, ESQUIRE**
**1528 Walnut Street, Philadelphia, PA 19102**
**(215) 985-0123**

**Dated: July 19, 2004**      Attorneys for Plaintiff, RLI Insurance Company

Q:\RLI Surety.729\Net Constr.001\city of philadelphia\Supplemental Memorandum of Law.wpd