IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEAMSTERS HEALTH AND WELFARE | : | CIVIL ACTION |
| FUND OF PHILADELPHIA AND | : | |
| VICINITY, et al. | : | |
| | : | |
| v. | : | |
| | : | |
| NET CONSTRUCTION, INC., et al.: | | NO. 02-4639 |

MEMORANDUM

Bartle, J.                                           August   , 2004

        The present dispute centers on whether the judgment
creditors, the surety for the judgment debtor, or the garnishee
is entitled to certain garnished funds.

        The Teamsters Health and Welfare Fund and the Teamsters
Pension Fund ("Teamsters Fund") obtained a default judgment
against Net Construction, Inc. ("Net Construction") in this court
in the amount of $15,709.65 for payments due to the Teamsters
Fund for the benefit of its employees pursuant to a collective
bargaining agreement.  Net Construction is now defunct.  In an
effort to satisfy the judgment, the Teamsters Fund obtained from
the Clerk of this court a writ of execution which was served on
the City of Philadelphia (the "City") as garnishee.  In answer to
interrogatories in attachment, the City acknowledged that it owed
$19,733.84 to Net Construction for sewer and street
reconstruction work performed under two separate contracts.
However, the City has raised as an affirmative defense to the
writ of execution that Net Construction is delinquent in payment

of certain taxes well in excess of the amount garnished.  It
seeks to have the writ dismissed and set aside.  See Pa. R. Civ.
P. 3142.

Complicating matters, Net Construction also had
defaulted on certain payments to subcontractors who supplied
labor and materials, and RLI Insurance Company ("RLI"), its
surety on one of the contracts ("Darien Street contract"),
discharged Net Construction's obligations in excess of $70,000.
RLI, which has now intervened, has moved to transfer to it
$17,291.35, which represents the remaining amount due from the
City to Net Construction under the Darien Street contract.

Pursuant to Rule 69 of the Federal Rules of Civil
Procedure, this court must look to the law of Pennsylvania with
respect to "the procedure on execution, in proceedings
supplementary to and in aid of a judgment, and in proceedings on
and in aid of execution."[1]  Under Rule 3121 of the Pennsylvania
Rules of Civil Procedure, the court may stay or set aside a writ
of execution "upon any ... legal or equitable ground ...."  Pa.
R. Civ. P. 3121(b)(2).

RLI, as surety, asserts the right of equitable
subrogation to obtain the $17,291.35.  It is well established
that a surety which pays the debt of another stands in the shoes
of those whose claims it has paid.  In this case, RLI stands in

---

1.  Under Rule 69, any federal statute to the extent applicable
overrules any state law.  No such federal statute has been called
to our attention.

the shoes of those supplying labor and materials.  Jacobs v. Northeastern Corp., 206 A.2d 49, 53 (Pa. 1965).  Further, when a surety completes a contract, either by performance or payment, it "has an 'equitable right' to indemnification out of a retained fund."  Pearlman v. Reliance Insur. Co., 371 U.S. 132, 138 (1962).  The right of a surety extends to funds held by a public agency when the surety has paid claims of labor and materialmen on a public works project.  See Ram Construction Co., Inc. v. Am. States Insur. Co., 749 F.2d 1049, 1055 (3d Cir. 1984) ("Ram Construction"); Jacobs, 206 A.2d at 52.  As the Supreme Court explained in Memphis & L.R.R. Co. v. Dow, 120 U.S. 287, 301-02 (1987), "[t]he right of subrogation is not founded on contract. It is a creature of equity; is enforced solely for the purpose of accomplishing the ends of substantial justice; and is independent of any contractual relations between the parties."  Indeed, the equitable right of subrogation is not a security interest under the Uniform Commercial Code "because the right does not depend on a grant in the contract but is created by law to avoid injustice."  Ram Construction, 749 F.2d at 1054 (citing Jacobs, 206 A.2d 49).

        It is undisputed that Net Construction owes the City more than $700,000 in taxes.  As a result, the City maintains that it is entitled to offset this debt by retaining the garnished funds.  Arguing that its interest is superior to those of the Teamsters Fund and RLI, it relies on a Pennsylvania statute which authorizes the City Controller of Philadelphia, a

-3-

city of the first class, to withhold payment to any creditor when the creditor is "indebted to the city for or on account of any delinquent taxes.... until such person shall have entered into an agreement with the controller." 53 P.S. § 16082.  If no agreement can be reached, the controller may advise the person "that the City has a set-off against his claim or account" of the withheld amount.  53 P.S. § 16083.  These statutory premises are consistent with the well-recognized common law right of a governmental body to set-off its own claims against its creditors.  <u>Pearlman</u>, 371 U.S. at 140; <u>United States v. Munsey Trust Co.</u>, 332 U.S. 234 (1947).

      The present circumstances are not as simple as the City contends.  In the situation at hand, RLI has satisfied a debt owed by Net Construction to its subcontractors and ultimately to the laborers and materialmen.  Net Construction is now out of the picture, and RLI has been substituted as the equitable subrogee.  <u>See</u> <u>Ram Construction Co., Inc.</u>, 749 F.2d at 1054-55.  Moreover, both the Bid Bond Form upon which the City requires bid submissions to be made and the Performance Bond provide that Net Construction, known as the "Principal Obligor," and RLI, as the surety, "are jointly and severally held and firmly bound onto the City of Philadelphia" for the full amount of the contract.  Thus, in addition to its non-contractual rights as an equitable subrogee, RLI had a direct contractual obligation to the City to complete the contract and to pay those who performed the street and sewer work and provided materials.  Since RLI fulfilled these

-4-

contractual obligations for the City's benefit, the City cannot withhold money from RLI simply because another party, that is Net Construction, owes the City taxes. See N. Am. Specialty Insur. Co. v. Chichester Sch. Dist., No. Civ. A. 99-2394, 2000 WL 1052055, *9 (E.D. Pa. July 20, 2000). As explained by our Court of Appeals in Ram Construction, "[t]he subrogation right is an expansive one, and when the surety has paid claims, it succeeds not only to the interests of the labor and materialmen but to those of the municipality as well." Id. at 1055 (citing Henningsen v. United States Fidelity & Guaranty Co., 208 U.S. 404 (1908), and Western Casualty & Surety v. Brooks, 362 F.2d 486 (4th Cir. 1966)). In sum, RLI's claim to the garnished funds with regard to the Darien Street contract is superior to that of the City.

The claim of RLI also prevails over that of the Teamsters Fund. As a surety which has discharged its obligation under the Darien Street contract, RLI's interests rise above those of other general creditors of Net Construction or the City. See Jacobs, 206 A.2d at 54.

There is an additional garnished sum of $2,442.49 which the City holds under a separate contract with Net Construction. The surety under that contract was National Surety Company, not RLI. National Surety, after notice, has not intervened so that the dispute as to this sum is only between the City and the Teamsters Fund. At best, the Teamsters Fund stands in the place of Net Construction and is a general creditor of the City. Based

-5-

on the City's statutory right to offset taxes against a general creditor, the City is entitled to the $2,442.49 retained under the separate contract.  See Pearlman, 371 U.S. at 140; 53 P.S. §§ 16082, 16083.

Accordingly, the motion of RLI for transfer to it of $17,291.35 held by the City will be granted.  The writ of execution issued to the Teamsters Fund and served on the City as garnishee will be dismissed and set aside.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
TEAMSTERS HEALTH AND WELFARE  :        CIVIL ACTION
FUND OF PHILADELPHIA AND       :
VICINITY, et al.               :
                               :
            v.                 :
                               :
NET CONSTRUCTION, INC., et al.:        NO. 02-4639
```

ORDER

AND NOW, this      day of August, 2004, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the City of Philadelphia TRANSFER to RLI Insurance Company the sum of $17,291.35 related to the Darien Street contract; and

(2)  the writ of execution issued to the plaintiffs and served on the City of Philadelphia as garnishee is DISMISSED AND SET ASIDE.

BY THE COURT:

_____
                                                        J.